UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENAUN PORTER

    Plaintiff,

v.

    Case No.
    Hon.
    Magistrate Judge

**FDCPA AND MRCPA COMPLAINT**

G. REYNOLDS SIMS & ASSOCIATES, P.C.

    Defendant.

_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff DENAUN PORTER ("Plaintiff" or "Mr. Porter") by and through counsel, The Law Offices of Brian Parker, PC and bring this Action against the above listed Defendant, G. REYNOLDS SIMS & ASSOCIATES, P.C. ("SIMS" or "Defendant") on the grounds set forth herein:

### I. PRELIMINARY STATEMENT OUTLINING THE LAW IN THIS CASE

1.

Plaintiff brings this action for damages and injunctive relief based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and The Regulation of Collection Practices Act (MRCPA), and codified at MCL 445.251 et seq and the holding in *Macy v. GC Services L.P.,* 897, F. 3d 747 - Court of Appeals, 6th Circuit 2018.

### II. FACTS OF THE CASE AGAINST DEFENDANT

2.

Defendant SIMS has continued to collect and exercise upon an *expired* judgment against Mr. Porter without first extending the statute of limitations of the judgment "within the applicable period of limitations" described in MCL 600.5809(3) and in violation of the FDCPA and MRCPA.

3.

On or about June 16, 2010 a Default Judgment was found against the Plaintiff in the 48th District Court. The lawsuit was served upon the Plaintiff's father and not the Plaintiff. **Please see Exhibit 3**.

4.

On June 29, 2020, the Defendant filed for an extension of the previous judgment with the 48th District Court through an Ex Parte Motion and Order to Renew Civil Judgment for case number 10-30778-GC7. **Please see Exhibit 2**. Plaintiff was not provided any notice of these proceedings or that the debt was being collected upon by SIMS.

5.

The applicable Michigan statutory subsections concerning renewing civil judgments state:

> MCL 600.5809(1) A person shall not bring or maintain an action to enforce a noncontractual money obligation unless, after the claim first accrued to the person or to someone through whom he or she claims, the person commences the action within the applicable period of time prescribed by this section. . . . .
>
> MCL 600.5809(3) Except as provided in subsection (4), the period of limitations is 10 years for an action founded upon a judgment or decree rendered in a court of record of this state, or in a court of record of the United States or of another state of the United

States, from the time of the rendition of the judgment or decree. . . . *Within the applicable period of limitations prescribed by this subsection, an action may be brought upon the judgment or decree for a new judgment or decree*.

6.

The Defendant's own June 29, 2020 filing of its Ex Parte motion clearly states that the civil judgment was not filed "within the applicable period of limitations" prescribed by MCLA 600.5809(3) and was filed more than ten years after the extension deadline of June 17, 2020. **Please see Exhibit 2**.

7.

SIMS is a "debt collector" as defined by 15 U.S.C. Sec. 1692a (6). As a debt collector under the FDCPA, Defendant SIMS was collecting upon a Civil Judgment held by A&A North American Financial, LLC that had expired on June 16, 2020.

8.

The FDCPA, 15 U.S.C. §1692g(a) (b) provides that:

**Notice of debt: Contents**. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

*(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debtor a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

**(b)DISPUTED DEBTS**

***If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt,*** or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

9.

On or about September 22, 2020, the Plaintiff received a copy of a Garnishee Disclosure Form from his credit union showing that Defendant SIMS had sought information and funds from Plaintiff's credit union based upon a writ of garnishment that was itself based upon an expired judgment. **Please See Exhibit 1**.

10.

The writ of garnishment sent by Defendant Sims to the Plaintiff's credit union at **Exhibit 1** was sent to Mr. Porter in connection with the collection of a "debt" by Sims as defined by 15 U.S.C. Sec. 1692a (5). The letter is a "communication" as defined by 15 U.S.C. Sec. 1692a (2).

11.

SIMS collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditor (A&A North American) using the U.S. Mail and based upon false and expired judgment.

12.

Mr. Porter had not received any information, notice or letters from Defendant Sims that they were collecting on this judgment or that it had been extended and was the basis of an execution or garnishment until he received **Exhibit 1** on or after September 22, 2020.

13.

Mr. Porter had not received any notice of his right to dispute the collection of the debt 15 U.S.C. §1692g(a)(4) from the Defendant Sims as required by Federal law.

14.

Further, contrary to the false representations of the Ex Parte Motion filed by Defendant at **Exhibit 1**, Mr. Porter has not made a payment to A&A North American or G. Reynold Sims. **Please see Exhibit 3**.

15.

The continued collection attempts on an expired judgment violated Mr. Porter's rights under the FDCPA and MRCPA in that the collection attempts are:

a. Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. Sec. 1692e;

b. Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. Sec. 1692e (10);

c. Failing to properly disclose to the Plaintiff his right to seek verification or dispute of the debt must be in writing to be effective under the law in violation of 15 U.S.C. Sec. 1692g(a)(4).

d. Creating a false representation of the legal status and character of the subject expired judgment debt in violation of 15 U.S.C. Sec. 1692e(2)(A).

e. The threat to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. Sec. 1692e (5).

16.

As a result of the above violation of the FDCPA and MRCPA of Defendant Sims, Plaintiff's creditors and lenders and the public are receiving false collection information that damages the financial and personal reputation of Mr. Porter and subjects him to financial loss without any notice of the collection attempts. **Please see Exhibit 3**.

17.

The FDCPA's bona fide error defense at 15 U.S.C. § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collectors' incorrect interpretation of a legal requirement of the FDCPA. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605,1611-12 (2010). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 78 L. Ed. 2d 17 (1983).

18.

Defendant SIMS, to increase their business and profits, have knowingly chosen to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who have chosen to abide by the law and refrain from using those same unlawful debt collection practices.

### III. PARTIES

19.

Defendant SIMS is a debt collector organized as a Michigan professional corporation with its Resident Agent Address at 2075 W. Big Beaver, Ste. 200, Troy, MI 48084. SIMS is a collection agency collecting consumer debts under the FDCPA and MRCPA. The alleged debt being collected by SIMS is a "debt" as defined by 15 U.S.C. §1692a (5). The alleged civil judgment debt is a "consumer debt" as defined by the MRCPA under MCL 445.251(a).

20.

Plaintiff is a resident of the City of West Bloomfield, Oakland County, State of Michigan and considered a Consumer under the FDCPA and MRCPA.

### IV. JURISDICTION AND VENUE

21.

Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337. This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here. Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367. *Baltierra v. Orlans Associates PC*, No. 15-cv-10008 (E.D. Mich. Oct. 7, 2015).

22.

The factual basis of the MRCPA claim is the same as the factual basis of the FDCPA claim and this district court has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). *Lovelace v. Stephens & Michaels Assocs., Inc.*, No. 07-10956, 2007 WL 3333019, at *2 (E.D. Mich. Nov. 9, 2007) (stating that FDCPA claims and MRCPA claims are simply duplicates and "need not be addressed separately").

23.

Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and the Defendants are subject to personal jurisdiction in the State of Michigan at the time this action is commenced.

## V. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

24.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

25.

Plaintiff is a consumer under the FDCPA. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a (3).

26

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a (5).

27.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or

due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6). Defendant is a debt collector.

28.

The Defendant regularly attempts to collect consumer debts alleged to be due another and are is a debt collector as provided in 15 U.S.C. 1692a (6). The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.

29.

Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006). See *Currier v First Resolution Inv. Corp.*, 762 F. 3d 529, 535 (6th Cir. 2014); *Statton v Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 450 (6th Cir. 2014).

30.

Section 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1) -(16). Among the *per se* violations prohibited by that section are using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e (10).

**REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (MRCPA)**

31.

The Regulation of Michigan Collection Protection Act (MRCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

32.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

33.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a

person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

34.

Defendants are regulated agencies under the MRCPA. See *Misleh* v *Timothy E. Baxter & Associates*, 786 F Supp. 2d 1330(E.D. Mich 2011; *Newman v. Trott & Trott, PC*, 889 F. Supp. 2d 948 - Dist. Court, ED Michigan 2012; *Baker v. Residential Funding Co.,* LLC, 886 F. Supp. 2d 591 - Dist. Court, ED Michigan 2012.

35.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium. "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. "Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

36.

"Person" means an individual, sole proprietorship, partnership, association, or corporation. Defendants are regulated persons under § 445.251(g)(xi). Defendant is violating the following MRCPA subsections:

**445.252 Prohibited acts.**

(a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau; and

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt; and

(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(i) The legal status of a legal action being taken or threatened.

(ii) The legal rights of the creditor or debtor.

(iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property; and

(n) Using a harassing, oppressive, or abusive method to collect a debt…

(q) Failing to implement a procedure designed to prevent a violation by an employee.

37.

The Plaintiff seeks Statutory Damages, Actual Damages, Injunctive Relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Action context, pursuant to the FDCPA and MRCPA and all other common law or statutory regimes. The Plaintiff requests that he be awarded:

a. Actual Damages suffered by the Plaintiff from false collection attempts from being harassed through Plaintiff's creditors and lenders and without anyway to defend himself with the Defendant's failure to provide proper dispute and collection notice under the law; and

b. Injunctive Relief stopping Defendants from continuing their plan and scheme through debt collection of the false debts as alleged here; and

c. Attorney fees and costs under the FDCPA and MRCPA.

## VI. CLAIMS FOR RELIEF

**Count 1-Fair Debt Collection Practices Act as to SIMS**

**(15 U.S.C. 1692e and 1692e (10)**

38.

Plaintiff realleges the aforementioned paragraphs. Defendant has violated the FDCPA.

39.

As stated above, Defendant violated 15 U.S.C. 1692e and 15 U.S.C 1692e(10) by using false, deceptive and misleading representations and means in their collection attempts an expired judgment falsely extended at **Exhibit 1 and Exhibit 2** in connection with the collection methods exemplified by SIMS which placed Mr. Porter at a materially greater risk of falling victim to "abusive debt collection practices" and waiving important dispute and verification protections afforded by the FDCPA. **Please see Exhibit 1, 2 and 3**.

40.

SIM's actions present a risk of harm to the FDCPA's goal of ensuring that consumers are free from deceptive debt-collection practices which prevent the consumer from exercising his statutory right to obtain verification of the debt or information regarding the original creditor.

41.

Because of Defendant's material and wrongful conduct, Plaintiff has suffered statutory, actual, emotional, and financial damages and seeks their attorney fees and costs under the FDCPA. **Please see Exhibit 1, 2 and 3**.

42.

Plaintiffs seek judgment against the Defendant in whatever amount that Plaintiff is entitled to plus statutory, actual, and consequential damages and the costs and expenses of this action.

**Count 2-Fair Debt Collection Practices Act as to SIMS**

**(15 U.S.C. 1692g)**

43.

Plaintiff realleges the aforementioned paragraphs. Defendant has violated the FDCPA.

44.

By not informing Mr. Porter of the collection attempts, Defendant SIMS purposely eliminated providing Mr. Porter the verification and dispute protections of the FDCPA to avoid detection that it was executing on a judgment that was expired and wrongfully extended. **Please see Exhibit 3**.

45.

By failing to notify Mr. Porter of his Dispute rights under the FDCPA based upon Defendant's collection attempts through the court and Mr. Porter's lenders and creditors, SIM's actions present a risk of harm to the FDCPA's goal of ensuring that consumers are free from deceptive debt-collection practices which prevent the consumer from exercising his statutory right to obtain verification of the debt or information regarding the original creditor.

46.

Because of Defendant's material and wrongful conduct, Counter Plaintiff has suffered statutory, actual, emotional, and financial damages and seeks their attorney fees and costs under the FDCPA. **Please see Exhibit 1,2 and 3**.

47.

Plaintiffs seek judgment against the Defendant in whatever amount that Plaintiffs are entitled to plus statutory, actual, and consequential damages and the costs and expenses of this action.

**Count 3-Fair Debt Collection Practices Act as to SIMS**

**(15 U.S.C. 1692e(2)(A)**

48.

Plaintiff realleges the aforementioned paragraphs. Defendant has violated the FDCPA.

49.

The Defendant has violated 15 U.S.C. §1692e(2)(A) in falsely misrepresenting the Plaintiff owes on an expired judgment and has failed to provide the mandatory dispute and verification rights of Plaintiff to verify the debt and cease collection attempts under 15 U.S.C. §1692g and 15 U.S.C. §1692g(b).

50.

SIMS's collection attempts at **Exhibit 1 and Exhibit 2** created a "substantial" risk that Mr. Porter would waive important FDCPA protections by eliminating his right to verify and dispute the debt. **Please see Exhibit 1, 2 and 3**.

51.

Because of Defendant's material and wrongful conduct, Counter Plaintiff has suffered statutory, actual, emotional, and financial damages and seeks their attorney fees and costs under the FDCPA. **Please see Exhibit 3**.

52.

Plaintiffs seek judgment against the Defendant in whatever amount that Plaintiffs are entitled to plus statutory, actual, and consequential damages and the costs and expenses of this action.

**Count 4-Fair Debt Collection Practices Act as to SIMS**

**(15 U.S.C. 1692e (5)**

53.

Plaintiff realleges the aforementioned paragraphs. Defendant has violated the FDCPA.

54.

The Defendant has violated 15 U.S.C. §1692e (5) in falsely misrepresenting that the Plaintiff owes on an expired judgment and acted on the execution of the judgment through the court system with false collection attempts.

55.

SIMS's collection attempts could not be legally enforced at **Exhibit 1 and Exhibit 2** created a "substantial" risk that Mr. Porter would waive important FDCPA protections by eliminating his right to verify and dispute the debt. **Please see Exhibit 1, 2 and 3**.

56.

Because of Defendant's material and wrongful conduct, Counter Plaintiff has suffered statutory, actual, emotional, and financial damages and seeks their attorney fees and costs under the FDCPA. **Please see Exhibit 3**.

**Wherefore**, Plaintiffs seeks judgment against Defendant for:

a.  Statutory and Actual damages for Plaintiff s. **Please see the Affidavit at Exhibit 3**; and

b.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3) with a judicial review; and

c.  Actual Damages in the form of the required elevated responses, stress, and out of pocket costs of having to respond to a false debt collection attempts at **Exhibit 1 and 2**; and

d.  Such further relief as the court deems just and proper

### Count 5-Michigan Collection Practices Act as to SIMS

57.

As stated above, Defendants have violated the MRCPA. Defendants' violations of the MRCPA include, but are not necessarily limited to, the following:

a.  Defendants violated MCLA 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, using **Exhibit 1** as mentioned above;

b.     Defendants violated MCLA 445.252(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt at (*Exhibit 1 and Exhibit 2*); and

c.     Defendants violated MCLA 445.252(f) Misrepresenting in a communication with a debtor 1 or more of the following:

    (i)     The legal status of a legal action being taken or threatened.

    (ii)     The legal rights of the creditor or debtor at (*Exhibit1-2*).

d.     Defendant violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee by continuing collection efforts on resolved lawsuit debts that lack any proof the debt was owed to A&A North American Financial or that SIMS had a right to collect on the debt; and

e.     Defendants violated MCLA 445.252(a) by communicating with a debtor in a deceptive manner at *Exhibit 1-2*.

**Wherefore**, Plaintiffs seeks judgment against Defendants for:

a.     Statutory damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2), *(Exhibit 1-2)*; and

b.     Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the MRCPA, as well as an injunction, enjoining Defendants from using (*Exhibits 1-2*) which violates Michigan law; and

c.     Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2) with judicial sanction.

d.     Actual Damages in the form of the required elevated responses, stress, and out of pocket

costs of having to respond to false debt collection attempts *(Exhibit 1-2-3)*.

## VI     I. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

                                        Respectfully submitted,

October 20, 2020                    s/Brian P. Parker
                                        BRIAN P. PARKER (P48617)
                                        Attorney for Plaintiff